IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**PAULINO GRANDA,**

        Petitioner,

v.                       **CIVIL ACTION NO. 5:22-CV-305**
                              Judge Bailey

**S. LOVETT,** Complex Warden**,**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

### I.    INTRODUCTION

On December 12, 2022, the *pro se* petitioner, Paulino Granda ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging his transfer to and designation at USP Hazleton. On March 17, 2023, respondent filed a Response [Doc. 14], which the Court construed as a motion to dismiss or for summary judgment. On March 30, 2023, petitioner filed a response to the motion. [Doc. 16]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and the petition be denied and dismissed without prejudice.

1

## II. BACKGROUND[1]

A.  **Conviction and Sentence**

On March 9, 2007, petitioner was named in a multi-count indictment in the United States District Court for the Southern District of Florida.  On April 20, 2007, a superseding indictment charged petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; attempted possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; conspiracy to interfere with commerce by threats of violence in violation of 18 U.S.C. § 1951(a); attempted interference with commerce by threats of violence in violation of 18 U.S.C. § 1915(a); attempted carjacking in violation of 18 U.S.C. § 2119; conspiracy to carry a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(o); carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Following a jury trial, petitioner was found guilty on all counts.  On September 11, 2007, petitioner was sentenced to a term of life plus seven years.

Petitioner filed an appeal, which was dismissed for failure to prosecute.  Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255, although it was dismissed as time-barred.

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  See **United States v. Granda et al**, 1:07-CR-20155-DMM-1 (S.D. Fla. 2007). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**B.     The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that he has been transferred to USP Hazelton as retaliation for an earlier tort claim brought against BOP staff. [Doc. 1 at 5]. He further alleges that the BOP has denied him proper medical treatment by failing to transfer him to a facility where his medical conditions can be properly treated. [Id. at 6]. He alleges that USP Hazelton cannot appropriately provide treatment because of the "hostile environment and constant lockdowns, and lack of specialist doctors." [Id.]. For relief, he asks this Court to order that he be sent to a BOP medical facility in Butner, North Carolina, or any facility where he can be given appropriate medical treatment. [Id. at 8].

On March 17, 2023, respondent filed a response to the petition. [Doc. 14]. Although not styled as a motion, because the response sought dismissal of the petition, the Court construed the response as a motion to dismiss or for summary judgment and issued a **Roseboro** notice to petitioner. Petitioner filed a response to the motion on March 30, 2023. [Doc. 16].

### III.     LEGAL STANDARDS

**A.     Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**B.    Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need

for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered

5

through administrative procedures. **Booth v. Churner**, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" **Porter**, 534 U.S. at 524.

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> 
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office

of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is undisputed that petitioner did not complete this process *prior* to filing his petition in this case.  Although petitioner filed a remedy at all levels, he did not wait for a response after appealing to the Office of General Counsel.  Instead, petitioner filed his appeal to the Office of General Counsel December 12, 2022, the same day this case was filed.[2]  As set forth above, all available administrative remedies must be exhausted *prior* to filing the petition.  This includes awaiting a decision by the BOP's Central Office.  *See* **Henderson v. Warden, Edgefield Satellite Prison Camp**, 2009 WL 3317149 at *4 (D.S.C. Oc. 14, 2009).  Accordingly, the petition should be dismissed for failure to exhaust administrative remedies.

In the alternative, the undersigned finds that petitioner's claims are not cognizable under § 2241.  The Fourth Circuit has held that a petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus."  **Wilborn v. Mansukhani**, 795 F. App'x 157, 164 (4th Cir. 2019).  In **Rodriguez v. Ratledge**, 715 F. App'x 261, 266 (4th Cir. 2017), the Fourth Circuit found a petitioner's challenge to his transfer to higher security institution "was not a cognizable 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration."  Here, petitioner is seeking to have this Court order that he be sent to "Butner NC or any facility where I can be given the appropiate (sic) medical

---

[2] The undersigned further notes that this was *after* petitioner sent his petition, which is dated November 25, 2022, and was postmarked December 9, 2022.

treatment/surgery/post surgery rehabilitation." [Doc. 1 at 28]. Such a transfer would not affect the fact or duration of petitioner's sentence and these claims are not cognizable under § 2241. See ***Evans v. Fed. Bureau of Prisons***, No. CIVA 7:06CV00315, 2006 WL 1515617, at *1 (W.D. Va. May 26, 2006) (proposed transfer for the purpose of receiving a diagnosis would not affect duration of sentence and habeas relief was unavailable); ***Daniel v. Craig***, No. CIV.A. 5:07-CV-00465, 2008 WL 644883, at *3 (S.D. W.Va. Mar. 7, 2008) (Johnston, J.) (prisoners do not possess a right to be transferred to a medical facility); ***St. Vincent v. Ziegler***, Civil Action No. 3:08-CV-186, 2009 WL 1152015, at *2 (N.D. W.Va. Apr. 29, 2009) (Bailey, J.), *aff'd*, 332 F. App'x 65 (4th Cir. 2009) (petition seeking transfer to BOP facility equipped to treat his medical condition challenged conditions of confinement and must be brought under ***Bivens***, 403 U.S. 399 (1971)). Challenges to an allegedly retaliatory transfer are likewise challenges to the conditions of confinement and the proper vehicle for challenging such a transfer is through a civil rights action. ***Valenteen v. Driver***, Civil Action No. 1:08-CV-89, 2009 WL 304835, at *3 (N.D. W.Va. Feb. 6, 2009) (Bailey, J.) ("Valenteen's motions to transfer and stay retaliatory transfer challenge his conditions of confinement, that is, they challenge his security level and facility designation. They do not, therefore, raise a claim under § 2241 challenging the invalidity or duration of his confinement.").

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that response, construed as a Motion to Dismiss or, in the Alternative, for Summary Judgment [**Doc. 14**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Further, the undersigned recommends that petitioner's remaining motions [**Docs. 18, 19, 20, & 21**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: May 15, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE